## LOUISE HUGHSON et al.

*v.*

## THE NEWARK MORTGAGE LOAN COMPANY et al.

[Filed October 21st, 1898.]

1. Where a broker, acting as an agent in loaning money, charges a borrower, by the terms of the mortgage, more than one-half of one per cent. for obtaining the loan and for extending it from time to time, in violation of *Gen. Stat. p. 3703 § 5*, the loan is usurious.

2. Where a broker, in assuming an agency for lending money belonging to another, guarantees the loans as one of the considerations of the employment, an exaction by the broker from a borrower of a sum to guarantee the repayment to the lender is without consideration as between the broker and the borrower, since the broker is bound to guarantee the loans under its general contract with the lender.

3. Where a mortgage, to secure a loan made by a broker as the agent of the lender, was allowed to be used to secure usurious compensation to the broker, who subsequently became the owner of the mortgage, the payments illegally received must be applied on the principal of the mortgage debt.

On bill, &c.

*Mr. Herbert Boggs,* for the complainants.

*Mr. Frank E. Bradner,* for the defendants.

EMERY, V. C.

The bill in this cause is filed to restrain the foreclosure of a chattel mortgage given by complainants to the defendant Archer, and to compel the cancellation of the mortgage. Complainants' right to relief under the bill and evidence is based upon the claim that the mortgage was usurious in its inception, and that they have paid upon the mortgage more than the amount actually advanced, together with the legal interest, and they are therefore entitled to a delivery of the mortgage as paid and to a delivery of the note which it was given to secure.

Hughson v. Newark Mortgage Loan Co.

The note and mortgage were given January 20th, 1894, for $158.25, payable February 20th, 1894, and the mortgage was given by complainants to Frank P. Archer upon the household chattels of Mrs. Hughson, to whom, jointly with her husband, the loan was made. Only $150 was in fact advanced—$147.50 in cash and $2.50 for the expenses of acknowledging and recording the mortgage. It was admitted by defendants that complainants have paid $129.10, which is properly to be credited on the principal of the mortgage, and it is also admitted that they have in fact made additional payments to the Newark Mortgage Loan Company, amounting in all to about $36 additional, and the question is whether, on the facts of the case, complainants are entitled to credit these latter payments on the mortgage; if so, the mortgage is paid. Complainants' claim to credit the payment of the $36 rests on the charge that the loan was made to them by the Newark Mortgage Loan Company upon an usurious agreement to pay $8.25 for the month's loan, and that the subsequent extensions of the loan from month to month made by the loan company were made in consideration of paying at the same rate upon the principal unpaid, the total paid for the alleged usurious extensions being $36. Defendants set up that the loan was made to complainants by the loan company as the agent of a client, Archer, who placed money with them for loaning on notes and chattel mortgages, and gave them authority to act for him in relation to these loans under a written power of attorney which is produced. They further claim that the $8.25 which was added to the original mortgage and the other payments made for the monthly extensions of the mortgage, were payments made by complainants to the loan company, as the agents of complainants, for obtaining the loan and for guaranteeing payment to Archer. Archer resides, or is said to reside, in Indiana, and the guaranty is not produced. The form of the transaction between complainants and the defendants, as shown by the papers executed, confirms the account of the defendants, and I am inclined to think that the defendants' statements on this point are to be relied on rather than those of the complainants. But the real question is whether, on the en-

tire facts of the case, and as disclosed by defendants' evidence, the payments for the original guaranty and extensions were not in violation of our laws against usury. I conclude that they were, and upon two grounds :

*First.* On the assumption that the loan of the $150 was a loan by Archer and not by the loan company, the mortgage is usurious, because by the consent of the lender, who makes the usurious agent his own agent for the purpose, an usurious brokerage, exceeding the one-half of one per cent. fixed by statute (*Gen. Stat. p. 3703 § 5*), was secured by the original mortgage, and the extensions of the loan and of the mortgage were also under a like consent of the lender, through his agent, made conditional on the payment of an usurious brokerage. The control of the mortgage loan was, by agreement or course of business between Archer and the loan company, so arranged as practically to make both the existence and continuance of the loan conditional on paying these sums for the benefit of the lender's agent.

*Second.* Assuming the relations between Archer and the loan company to be as appears by the evidence of Johns, its manager, the loan company, in assuming the agency of Archer for lending his money, guarantees the loans to him as one of the considerations of the employment. Being bound, therefore, by its general contract with Archer to guarantee all loans made through it, the exaction from the borrowers of an additional consideration from them to do what it was bound to do by its contract with Archer, was without consideration as between the loan company and the complainants, and as between them the additional compensation must be taken in law to be what it was in fact, an illegal and usurious compensation made solely for procuring and continuing the loan ; and inasmuch as the mortgage was, by the arrangement or course of business between Archer and the loan company, his agent, allowed to be used for the purpose of securing these payments, and the loan company who received them is now the owner of the mortgage, the payments illegally received must be applied to the mortgage.

The above conclusions are reached on the assumption that the

loan company has sufficiently proved that it did in fact guarantee the mortgage debt as stipulated, but it should be noticed that no guaranty sufficient to bind the loan company has been proved, and if it be taken upon the whole case not to have been made, then the loan company, the present owner of the mortgage, must apply the amount received on account of the mortgage as so much money originally received without consideration and now equitably applicable to the mortgage debt as against them.

In any view of the case, therefore, the complainants are entitled to the delivery up of the note and mortgage for cancellation, and I will so advise.